GEORGE M. BARNARD *vs.* JOHN L. COFFIN & another.

Suffolk. Nov. 12, 1885. — Jan. 12, 1886. DEVENS & GARDNER, JJ., absent. HOLMES, J., did not sit.

If an agent undertakes to do the work of his principal, and employs a sub-agent to assist him, on his own account, he is answerable to the principal for the wrong-doing of the sub-agent, although the principal has knowledge of the fact of the employment of the sub-agent.

CONTRACT, with counts in tort. After the former decision reported 138 Mass. 37, the case was tried in the Superior Court, without a jury, before *Knowlton,* J., who found the following facts:

In March, 1882, the defendants, for a compensation to be paid by a commission, undertook to aid the plaintiff in selling one hundred and sixty acres of land in Rock Island County, Illinois, by obtaining, if possible, offers for it and communicating them to him for his acceptance or rejection, together with such information as they could readily obtain to assist him in determining his action upon these offers, and by consummating a sale in case such an offer was accepted. Nothing was said about the employment of any sub-agent, and the plaintiff gave no consent, express or implied, to the employment of any sub-agent, and no custom or usage to delegate authority to a sub-agent in such cases

was shown; and it did not appear that the plaintiff knew that, in doing other similar business for him, the defendants had ever acted otherwise than in person, or by clerks or agents who were under their control, and employed and paid by them on their own account.

The defendant Henry lived and kept one of the defendants' business offices at Davenport, Iowa, and the land in question was about fifteen miles from that office. One Louis A. Ochs also lived there, and the defendant firm, and the defendant Coffin before the existence of the firm, had been accustomed for more than twenty years to employ him to assist them in selling lands, and from time to time, but not always, to pay him for such services.

Immediately after their employment by the plaintiff to sell this land, the defendants employed Ochs to get for them a customer for it if he could, and he undertook the business in the expectation of receiving compensation for his services, as he had done before in similar cases. On or about June 10, 1882, Ochs received from one Peter Haupt an offer of $22.50 per acre for the land, and went to the defendant Henry and told him he had an offer of $10 per acre for it. The defendants reported to the plaintiff that they had received this offer of $10 an acre, and advised him that, in their opinion, it was a fair price, and he, believing it, authorized the defendants to accept it. This fact was communicated to Ochs, who then negotiated further with Haupt and sold the land to him for $22.75 per acre, and executed a contract of sale in his own name as agent, and received an instalment of the purchase money, and caused a deed to be prepared from the plaintiff to one Isaac Fleishman, which the plaintiff subsequently executed and transmitted through the defendants. A deed was then made from Fleishman to Haupt, the balance of the purchase money of $22.75 per acre was paid by Haupt to Ochs, and Ochs returned $1600 of it to the defendants who transmitted it, less their commissions, to the plaintiff.

The defendants at the time had no knowledge of Ochs's fraud, but believed he had had an offer of $10 per acre as he represented, and supposed from his statements that the property was worth no more than that.

The judge also found that Ochs was the agent of the defendants in the business of obtaining and transmitting offers.

The evidence upon which these findings were made, was set forth in full in the bill of exceptions, the defendants having requested the judge to rule, that, upon the whole evidence, the plaintiff could not maintain his action; but, as the defendants at the argument did not contend that the findings of specific facts were not warranted by the evidence, but merely that the testimony of the plaintiff showed certain other facts, 'which they were entitled to have considered in connection with the facts found, it seems to be necessary only to set forth the testimony bearing upon these facts. The plaintiff testified that he had other agents for the land in question, namely, Osborn and Curtis, of Rock Island, Illinois; that he told the defendants that Osborn and Curtis had this land for sale; and that he relied upon them to get bids, as well as upon the defendants; that he supposed that the defendants employed others to examine and report in regard to their trade; and that he knew before he signed the deed that the sale had been made through Ochs.

The defendants also requested the judge to rule as follows:

" 1. If Ochs was appointed by the defendants as sub-agent to procure offers for them, and this appointment was made either by the express authority of the plaintiff, or by an implied authority arising from the previous dealings between the plaintiff and defendants, or from the usual course of business in that trade, then, as matter of law, the defendants are not responsible for Ochs's negligence or malfeasance, unless they participated in it. The privity between the principal and the sub-agent renders the latter liable to the former, and exonerates the defendants from all liability.

" 2. The fact that in previous similar dealings between the parties, a sub-agent had been employed by the defendants, and the fact that the plaintiff was directly notified by the defendants, when he gave the order, that they should procure offers through a sub-agent, and the fact that the plaintiff, on being informed after the sale, and before he signed the deed, that the sale had been effected through Ochs, and made no objection thereto, is evidence of implied authority given by the plaintiff to the defendants to employ a sub-agent.

" 3. The fact that the act to be done by the defendants was to be done in a place distant from the city where their Western office was, raises a presumption that the plaintiff authorized the defendants to employ a sub-agent to do the act."

The judge gave the first instruction requested; refused to give the others, on the ground.that the facts found by him were not as assumed in either request; and found for the plaintiff in the sum of $2365.72.  The defendants alleged exceptions.

*B. R. Curtis & S. G. Croswell*, for the defendants.

*G. O. Shattuck & W. A. Munroe*, for the plaintiff.

FIELD, J.  Of the rulings requested by the defendants, the second and third were refused because the facts were not found to be as they were assumed to be in the requests; and this is a sufficient reason for the refusal.

The remaining exception is to the refusal to rule that on the whole evidence the plaintiff could not maintain the action.  The judge found that no consent was given by the plaintiff to the defendants to delegate their authority to a sub-agent, and that no custom or usage to delegate authority in similar cases was shown; and that the nature of the employment of the defendants by the plaintiff was that they undertook, for a compensation to be paid them, to aid the plaintiff in selling the land, by obtaining, if possible, offers for it, and communicating them to him, for his acceptance or rejection, together with such information as they could readily obtain to assist him in determining his action upon these offers, and by consummating a sale in case such an offer was accepted.  The judge also found that Ochs was the agent of the defendants in the business of obtaining and transmitting offers.  The evidence warranted these findings.  The only question of law is whether, with these findings, the plaintiff can, on the other facts found and on the evidence, maintain his action.

If Ochs was employed by the defendants, without the express or implied consent of the plaintiff, and if there was no usage in the business to employ sub-agents, and there was no necessity from the nature of the business that sub-agents should be employed, there is no privity between the plaintiff and Ochs, and Ochs is only liable to his employers, who were the defendants, and the defendants are liable to the plaintiff for the acts of Ochs, in the same manner as if those acts were their own.

*Warren Bank* v. *Suffolk Bank*, 10 Cush. 582. *Pownall* v. *Blair*, 78 Penn. St. 403. *Darling* v. *Stanwood*, 14 Allen, 504. *Stephens* v. *Badcock*, 3 B. & Ad. 354.

It is argued that, as the plaintiff knew before he signed the deed that the sale was made by Ochs, the plaintiff, by confirming the sale and signing the deed, ratified the employment of Ochs. If the plaintiff understood that Ochs was employed by the defendants as his agent, then these acts of the plaintiff might be held to be a ratification of his employment, and equivalent to an authority to the defendants to employ Ochs as the agent of the plaintiff. But if the plaintiff understood that the defendants employed Ochs as their agent to assist them in transacting the business which they had undertaken, then these acts of the plaintiff might only show that the plaintiff was willing that the defendants should transact the business by means of their servants or agents, for whom they should be responsible; and it was competent for the judge, on the evidence, to find that this was the understanding and intention of the plaintiff, and he has in effect so found.

The principle which runs through the cases is, that, if an agent employs a sub-agent for his principal, and by his authority, express or implied, then the sub-agent is the agent of the principal, and is directly responsible to the principal for his conduct, and, so far as damage results from the conduct of the sub-agent, the agent is only responsible for a want of due care in selecting the sub-agent; but if the agent, having undertaken to do the business of his principal, employs a servant or agent, on his own account, to assist him in what he has undertaken, such a sub-agent is an agent of the agent, and is responsible to the agent for his conduct, and the agent is responsible to the principal for the manner in which the business has been done, whether by himself or by his servant or agent.

The decision in this case, as reported in 138 Mass. 37, is, that the finding that " the defendants were bound to see to it that the offer transmitted was a genuine offer and not the offer of a sub-agent," was a ruling of law which could not be supported if the defendants were only liable on the ground of negligence, and not on the ground that Ochs was their agent, for whose acts they were responsible. *Exceptions overruled.*