JOSEPH CULLINGS, Appellant, *v.* EDWARD GOETZ, Defendant, and ELIAS NICKLEY et al., Respondents.

(Argued April 10, 1931; decided May 12, 1931.)

*Edward A. Wolff* for appellant. The appellate court was not justified in dismissing the complaint as a matter of law, and holding that the landlord is not liable upon his covenant to repair. (*Colorado Mortgage & Investment Co.* v. *Giacomini*, 55 Colo. 540; *Senimes* v. *Kennedy*, 74 Fla. 74; *Lundstrum* v. *Pennsylvania Co.*, 212 Penn. St. 391; *Chroust* v. *Acme Building & Loan Assn.*, 214 Penn. St. 179; *Lutz* v. *Haley*, 10 Montg. Co. Law Rep. 18; *Carlson* v. *City Savings Bank*, 82 Neb. 582; *Jones* v. *Millard*, 71 Miss. 10; *Fraser* v. *Kruger*, 298 Fed. Rep. 693; *Kilmer* v. *White*, 254 N. Y. 69; *Widmar* v. *Healey*, 247 N. Y. 94; *Ahern* v. *Steele*, 115 N. Y. 202; *Wolf* v. *Kilpatrick*, 101 N. Y. 146; *Edwards* v. *New York & Harlem R. R. Co.*, 98 N. Y. 245; *Hirschfield* v. *Alsberg*, 47 Misc. Rep. 141; *Jaffe* v. *Harteau*, 56 N. Y. 389; *Clancy* v. *Byrne*, 56 N. Y. 129; *Curran* v. *Flammer*, 49 App. Div. 293; *Babbage* v. *Powers*, 54 Hun, 635; 130 N. Y. 281; *O'Brien* v. *Clapwell*, 59 Barb. 504.) The Appellate Division did not differentiate between a private place and a public place. (*Gilmartin* v. *Mayor*, 55 Barb. 245; *Warner* v. *Lucy*, 207 App. Div. 241; 238 N. Y. 637; *Schick* v. *Fleischhauer*, 26 App. Div. 210; *Frank* v. *Mandel*, 76 App. Div. 413; *Kushes* v. *Ginsberg*, 99 App. Div. 417; 188 N. Y. 630; *Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404.)

*D. Francis Searle* for respondents. A landlord is not liable in tort for damages resulting from a breach of his

contract to make repairs to property within the exclusive control of the tenant. (*Kushes* v. *Ginsberg*, 99 App. Div. 417; 188 N. Y. 630; *Boden* v. *Schaltz*, 101 App. Div. 1; *Galob* v. *Pasnesky*, 178 N. Y. 458; *Schick* v. *Fleischhauer*, 26 App. Div. 210; *Frank* v. *Mandel*, 76 App. Div. 413; *Wynne* v. *Height*, 27 App. Div. 9; *Marks* v. *Nambel R. Co.*, 245 N. Y. 256; *Widmar* v. *Healey*, 247 N. Y. 94.)

CARDOZO, Ch. J. Plaintiff brought his automobile to a garage, intending to drive in. There were two sliding doors at the entrance, one open, the other closed. He tried to push the closed one open, but it did not move upon its track. When he shook it with some force, it fell upon his back, causing injuries for which he sues. His action is against Goetz, lessee of the garage, and the Nickleys, the owners, who were also the lessors. The lease was an oral one, and ran from month to month. The trial judge left the question to the jury whether as one of its provisions the owners had agreed to make the necessary repairs. In the event of that agreement and of failure to repair after notice of the need, owners as well as lessee were to be held for any negligence in the unsafe condition of the doors. The jury found a verdict against all the parties sued. On an appeal by the owners, the Appellate Division reversed, and dismissed the complaint, upon the ground that the failure of the owners to keep the promise to repair was unavailing to charge them with liability in tort.

The evidence of the supposed promise is at best confused and uncertain, if there be evidence at all. For the purpose of this appeal we assume without deciding that it permits conflicting inferences. We assume also that there was freedom from contributory negligence, though another entrance was available, and there is evidence of notice that the one chosen was out of use. Giving the plaintiff's case the aid of these assumptions, we concur with the Appellate Division in its ruling that liability

in tort must be confined to the lessee, whose possession and dominion were exclusive and complete.

The subject has divided juridical opinion. Generally, however, in this country as in England, a covenant to repair does not impose upon the lessor a liability in tort at the suit of the lessee or of others lawfully on the land in the right of the lessee (see *e. g., Tuttle* v. *Gilbert Mfg. Co.,* 145 Mass. 169; *Miles* v. *Janvrin,* 196 Mass. 431; *Fiorntino* v. *Mason,* 233 Mass. 451, 454; *Carroll* v. *Intercolonial Club,* 243 Mass. 380, 383; *Dustin* v. *Curtis,* 74 N. H. 266; *Davis* v. *Smith,* 26 R. I. 129; *Brady* v. *Klein,* 133 Mich. 422; *Cavalier* v. *Pope,* [1905] 2 K. B. 757, 762, 764; *Cavalier* v. *Pope,* [1906] A. C. 428, 433; *Cameron* v. *Young,* [1908] A. C. 176: and see, also, 8 A. L. R. 766, collating the decisions). There are decisions to the contrary (*Fbod* v. *Pabst Brewing Co.,* 158 Wis. 626; *Merchants' Cotton Press & Storage Co.* v. *Miller,* 135 Tenn. 187; *Barron* v. *Leidloff,* 95 Minn. 474), but they speak the voice of a minority. Liability in tort is an incident to occupation or control (American Law Inst., Restatement of the Law of Torts, § 227). By preponderant opinion, occupation and control are not reserved through an agreement that the landlord will repair (*Cavalier* v. *Pope,* [1906] A. C. at 433; Pollock, Torts [13th ed.], 532; Salmond, Torts [7th ed.], 477). The tenant and no one else may keep visitors away till the danger is abated, or adapt the warning to the need. The landlord has at most a privilege to enter for the doing of the work, and at times not even that if the occupant protests. " The power of control necessary to raise the duty * * * implies something more than the right or liability to repair the premises. It implies the power and the right to admit people to the premises and to exclude people from them " (*Cavalier* v. *Pope,* [1906] A. C. 433). In saying this we assume the possibility of so phrasing and enlarging the rights of the lessor that occupation and control will be shared with the lessee. There are decisions in Massachusetts that draw a distinction between a

covenant merely to repair and one to maintain in safe condition with supervision adequate to the end to be achieved (*Miles* v. *Janvrin, supra; Fiorntino* v. *Mason, supra; Carroll* v. *Intercolonial Club, supra;* see, also, *Robinson* v. *Heil,* 128 Md. 645; *Collison* v. *Curtner,* 141 Ark. 122). In the case now at hand, the promise, if there was any, was to act at the request of the lessee. What resulted was not a reservation by an owner of one of the privileges of ownership. It was the assumption of a burden for the benefit of the occupant with consequences the same as if there had been a promise to repair by a plumber or a carpenter (Cf. *Zurich Gen. Acc. & L. Ins. Co., Ltd.,* v. *Watson Elevator Co.,* 253 N. Y. 404, 409; *Mollino* v. *Ogden & Clarkson Corp.,* 243 N. Y. 450).

The rule in this State is settled in accord with the prevailing doctrine. Dicta, supposed to be inconsistent, are summoned to the support of a contrary position. They will be considered later on. Whatever their significance, they cannot overcome decisions directly to the point. As often as the question has been squarely up, the answer has been consistent that there is no liability in tort. Some of the decisions rejecting liability are judgments of this court (*Kushes* v. *Ginsberg,* 188 N. Y. 630, affg. 99 App. Div. 417; *Sterger* v. *Van Sicklen,* 132 N. Y. 499; cf. *Reynolds* v. *Van Beuren,* 155 N. Y. 120, 125; *Wolf* v. *American Tract Soc.,* 164 N. Y. 30, 35; *Golob* v. *Pasinsky,* 178 N. Y. 458, 461). Others too many to be fully numbered, are in courts of intermediate appeal (*Schick* v. *Fleischhauer,* 26 App. Div. 210; *Frank* v. *Mandel,* 76 App. Div. 413, 417; *Stelz* v. *Van Dusen,* 93 App. Div 358; *Boden* v *Scholtz,* 101 App. Div. 1, 2; *Pernick* v. *Central Union Gas Co.,* 183 App. Div. 543). The doctrine, wise or unwise in its origin, has worked itself by common acquiescence into the tissues of our law. It is too deeply imbedded to be superseded or ignored. Hardly a day goes by in our great centers of population but it is applied by judges and juries in cases great and small.

Countless tenants, suing for personal injuries and proving nothing more than the breach of an agreement, have been dismissed without a remedy in adherence to the authority of *Schick* v. *Fleischhauer* and *Kushes* v. *Ginsberg*. Countless visitors of tenants and members of a tenant's family have encountered a like fate. If there is no remedy for the tenant, there is none for visitors or relatives present in the tenant's right (*Miles* v. *Janvrin, supra,* at p. 440; *Elefante* v. *Pizitz,* 182 App. Div. 819, 821). Liability has been enlarged by statute where an apartment in a tenement house in a city of the first class is the subject of the lease (*Altz* v. *Lieberson,* 233 N. Y. 16). The duty in such instances is independent of the contract. It is one imposed by law, with liability in tort where the duty is ignored. Here the plaintiff was injured in the use of a garage. His remedy is against the tenant at whose invitation he was there.

We have spoken of dicta that are cited to the contrary. They do not touch the liability of the landlord for conditions within the premises affecting only the lessee or those who enter upon the premises in the right of the lessee. They have to do with nuisances threatening danger to the public beyond the land demised (cf. *Sterger* v. *Van Sicklen, supra,* at p. 501; *Ahern* v. *Steele,* 115 N. Y. 203, 209; *City of Brooklyn* v. *Brooklyn City R. R. Co.,* 47 N. Y. 475, 483; *Clancy* v. *Byrne,* 56 N. Y. 129; *Jaffe* v. *Harteau,* 56 N. Y. 398; *Brady* v. *Klein, supra;* 18 Halsbury, Laws of England, § 989; 21 id. §§ 651, 955). Even when thus confined, they are dicta, and nothing more, at least in this State, though reiteration may have given them an authority not otherwise belonging to them. Be that as it may, the fact remains that the decision in every instance exonerated the lessor. One case, it is true, there is (*Kilmer* v. *White,* 254 N. Y. 64, 69), which had to do with conditions within the premises, and not with those outside, but it cites *Jaffe* v. *Harteau* (*supra*), and does not suggest even remotely a purpose to establish a new rule.

There is merely a cautious reservation of the doctrine to be applied in situations different from any before us at the time.

The fount and origin of whatever has been said anywhere as to the enlargement of liability by a covenant to repair is an early case in England ([1794] 2 H. Bl. 350), " the unsatisfactory case of *Payne* v. *Rogers* " (Salmond, Torts [7th ed.], 279). A traveler on a highway slipped into a vault or cellar through a hole in the pavement. In opinions meagrely reported, the court held that for the avoidance of circuity of action, the law would permit the traveler to bring his action directly against the owner, who had covenanted to repair, instead of leaving him to a suit against the tenant and remitting the latter to a remedy over (cf. *City of Lowell* v. *Spaulding*, 4 Cush. 277, 279; *Inhabitants of Milford* v. *Holbrook*, 9 Allen, 17, 21). The point of the ruling has been stated by this court to inhere in the distinction between a covenant to repair for the benefit of a lessee and a covenant of a like nature for the benefit of strangers (*City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 475, 483, 485). " The one relates to private matters alone. The other relates to matters with which the public and third persons are also concerned " (*City of Brooklyn* v. *Brooklyn City R. R. Co.*, *supra*). Even in the jurisdiction of its origin, *Payne* v. *Rodgers* has been narrowly limited by *Cavalier* v. *Pope*, if in view of later criticism it is still authority for anything (Salmond, *supra*). Its doctrine cannot apply if the lessee, upon the payment of the damages suffered by the victim of the negligence, would have no right of recourse against the owner on the footing of the covenant. (*Kushes* v. *Ginsberg* is decisive that the right does not exist when the injury is suffered within the premises demised.

The minority doctrine as to the liability of owners who have made a covenant to repair has won a notable adherent in the American Law Institute. The view is expressed by the Institute in its restatement of the law of torts (§ 227)

that the covenant is equivalent to a reservation of occupation or control. There is frank concession, however, in the explanatory notes that in New York and elsewhere the law is settled to the contrary.

Other grounds of liability suggested in the plaintiff's argument have been considered and are found to be untenable.

We state for greater caution, though the caution should be needless, that nothing said in this opinion has relation to a case where a part only of the building is in the possession of the lessee, and the dangerous condition is in the ways or other parts retained by the lessor (*Dollard* v. *Roberts*, 130 N. Y. 269; *Kilmer* v. *White, supra;* American Law Inst., Restatement of the Law of Torts. § 230).

The judgment should be affirmed, with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.