COLEMAN HOLDING CORPORATION, Landlord, Plaintiff, *v.*
AL ALTMAN, Tenant, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
March 14, 1934.

*Samuel R. Schneider*, for the landlord.

*Isidor Block*, for the tenant.

LEWIS, DAVID C., J. The landlord seeks a final order and judgment for the rent of a store and basement. The tenant counterclaims for damages — caused by leakage from pipes under the landlord's control.

In its original form the counterclaim rested in negligence. Upon

the trial it was amended to plead a covenant to repair by the landlord; and its breach by the landlord.

The jury allowed the plaintiff its rent; and awarded the defendant $2,000 on his counterclaim.

The plaintiff moves to set aside the verdict rendered on the counterclaim on the following grounds:

1. The tenant could not properly counterclaim for landlord's alleged negligence in a summary proceeding;

2. The tenant was guilty of such contributory negligence as precluded his recovery from the landlord;

3. The tenant failed to satisfactorily establish that the alleged damage was caused by the negligence of the landlord;

4. The tenant failed to prove that there was any obligation on the part of the landlord to make repairs to the demised premises;

5. The tenant failed to properly establish his alleged damages;

6. The tenant failed to sustain the burden of proof to support the counterclaim;

7. The verdict was against the weight of evidence.

To sustain the landlord's arguments means to hold:

*First*, that the counterclaim cannot be interposed, because it is pleading a tort which did not arise out of the same transaction against a cause of action on contract.

*Second*, that the alleged breach of covenant cannot constitute a tort; but that it is a breach of contract, as contrasted with a breach of duty.

*Third*, that the only damages for which the landlord can be held is the difference between the rental value of the demised premises as they were, and the rental value as they should have been.

The landlord treats the counterclaim as sounding exclusively in negligence (though, as already stated, it was amended upon the trial to incorporate a plea of breach of covenant to make repairs).

Conflicting decisions on this question of a proper counterclaim call for final declaration by a high court.

In *Goelet* v. *Goldstein* (229 App. Div. 456) the third defense to an action for rent alleged " that because of the negligence of the plaintiffs in failing to properly maintain the building, a part of which was leased by the defendants, they were damaged," and the court ruled: " The third alleged counterclaim grows out of the same transaction."

In *Franklin Building Co.* v. *Finn* (165 App. Div. 469) the court held that negligence could not be counterclaimed. " But if the counterclaim arose from a breach of contract by the landlord it would be authorized. * * * And it might be interposed in a summary proceeding " (at p. 474).

Indicating to the contrary, we find *Boreel* v. *Lawton* (90 N. Y. 293, at p. 297) asserting: " It is sufficient to say that assuming he has a right of action, it does not arise out of the contract or transaction set forth in the complaint."

We again meet the desire for a conclusive ruling deciding just what counterclaims may be interposed. (See *Harfried Realty Co.* v. *Spuyten Amusement Co.*, 147 Misc. 647.)

At any rate, in the instant case, we may salvage the counterclaim as a claim for breach of covenant. (*See Franklin Building Co.* v. *Finn,* 165 App. Div. 469.)

The landlord also challenges the right of the tenant to hold it responsible for the damages to or destruction of his personal property. The landlord insists that the difference in the rental value of the demised premises must be the full measure of landlord's liability and of tenant's compensation. (*Cooke* v. *Soule,* 56 N. Y. 420, at p. 423.)

Where one has a good and sufficient cause of action, the true administration of justice ought to aim at full satisfaction. To require otherwise does not suggest full and even-handed justice. Law is the means; justice the end. Through one we seek the other.

Until established authority unreservedly commands such abridgement, a full recovery remains the object of the law.

And unless the law absolutely decrees to the contrary, justice seeks a complete determination of an entire controversy in a single proceeding.

Unification, not multiplication, of proceedings is the goal.

Here again one whose crystal thinking frequently sheds light sounds the warning. " A system of procedure is perverted from its proper function when it multiplies impediments to justice without the warrant of necessity." (CARDOZO, J.)

The landlord confidently asserts that a breach cf duty, not merely a breach of contract, is the life of a tort; that the covenant to repair cannot create such duty, and hence, there being no duty to be breached, there can be no tort to be prosecuted and no damages to be collected.

In a layman's mind, the application of this reasoning might here spell another anomaly in the law. While the landlord's acts left the tenant's property all wet, the law's decree would leave the tenant high and dry.

In such cases a spirit of equity pleads for a redress. Though the law recognizes distinctions, the common man does not see them.

The reasoning found in another different field of law prompts him to hope for a way out. If damages for the injury to person can be recovered upon a breach of warranty of merchantability

in the sale of food, damages for injury to personal property ought to be recoverable for the breach of covenant to repair. Provided, of course, the damages fall within the realm of direct cause and come within the contemplated consequences of a breach. (See *Ryan* v. *Progressive Groceries*, 255 N. Y. 388, 395.)

For the landlord who lets the tenant put his personal property in the demised premises pursuant to the lease, knows that neglected leaks or defects in the plumbing system running through the premises may damage the tenant's personal property.

But our courts do not subscribe to this theory.

The law of our State takes a different stand.

" Countless tenants, suing for personal injuries and proving nothing more than the breach of an agreement, have been dismissed without a remedy in adherence to the authority of *Schick* v. *Fleischhauer* [26 App. Div. 210] and *Kushes* v. *Ginsberg* [99 id. 417; affd., 188 N. Y. 630]." (*Cullings* v. *Goetz*, 256 N. Y. 287.)

" * * * and a breach of an agreement to repair would not entail a liability for personal injuries occasioned by a failure of the defendant to perform his agreement." (*Kushes* v. *Ginsberg*, 99 App. Div. 417, at p. 419.)

However, this holding is not as hopeless as it looks. For the concluding paragraph of the opinion reads " that nothing said in this question has relation to a case where a part only of the building is in the possession of the lessee, and the dangerous condition is in the ways or other parts retained by the lessor." (*Cullings* v. *Goetz*, *supra*, at p. 294.)

The line of demarkation is apparently drawn in those cases where the landlord has retained his sovereignty or reserved his occupancy of certain common ways or common means maintained for the benefit of the tenants in general; and in such instances the law holds the landlord for the consequences of his breach, as it would for the ordinary tort.

The other points stressed by the landlord go to the matter of proof and to questions of fact. Upon this score I cannot as a matter of law either find error or take exception.

Motion denied. Ten days' stay after service of a copy of judgment with notice of entry.