In the Matter of the Probate of the Will of AGATA PLANIN, Deceased. FRANK SCHURGA, as Executor of AGATA PLANIN, Deceased, et al., Respondents; LOUISE HANSEN et al., Appellants.— In a probate contest before a jury in the Kings County Surrogate's Court, at the close of the entire case the Surrogate directed the jury to find in favor of the proponent on all issues. The direction with respect to the issues of due execution was by consent. The direction with respect to the issues of testamentary capacity, undue influence and fraud was opposed. Decree admitting will to probate, insofar as appealed from, unanimously affirmed, with costs to all parties filing briefs, other than appellants, payable out of the estate. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.

JOSEPH J. KEARNS, in Behalf of Himself and All Creditors That May Intervene, Appellant, v. SHAFEEKA G. HADDAD et al., Respondents, et al., Defendants. — In an action to determine title to certain savings bank deposits, plaintiff appeals from a judgment dismissing his complaint after a trial before the court without a jury. Judgment unanimously affirmed, without costs. No opinion. Appeal from the decision and findings of fact and conclusions of law dismissed, without costs. Present — Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ.

JEANNE KLOTZ et al., Respondents, v. DOROTHY GANZ, Appellant, et al., Defendants.— Plaintiff wife fell and was injured on the steps leading to a one-family house owned by the appellant and in possession of a tenant under an oral lease, while on a social visit to the tenant and his family. The claim is that the steps were dangerous, due to an accumulation of ice and snow resulting from a defective leader. The appellant and the tenant are mother and son and, at the time of the letting, the tenant agreed to make necessary repairs himself or, if he was unable to make them, to hire someone else to do so, in which event the appellant agreed to reimburse him. That arrangement, coupled with the privilege extended to the appellant to visit the son and his family at her pleasure, did not constitute control of the premises sufficient to render the appellant liable to one claiming under the lessee for the dangerous condition of the premises in the possession of the lessee. To the contrary, the right of the appellant to go upon the property herself to make repairs was negatived by the arrangement that repairs were to be made by the tenant himself, and that he would be reimbursed for any expense to which he might be put. (*Cullings* v. *Goetz*, 256 N. Y. 287.) Judgment in favor of the plaintiff wife for damages resulting from personal injuries, and in favor of plaintiff husband for expenses and loss of services, reversed on the law, with costs, and the complaint dismissed on the law, with costs. Findings of fact implicit in the verdict of the jury are affirmed. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.