CATHERINE MOLINARI et al., Respondents, v. HILLSIDE MEADOWS, INC., Appellant.— In an action to recover damages for personal injury and for other relief, defendant appeals from a judgment of the Supreme Court, Westchester County, for $9,177.30, entered October 31, 1961, after trial upon a jury's verdict in favor of the plaintiffs. Judgment affirmed, with costs. In September, 1955 plaintiffs (who are husband and wife) and the defendant entered into a formal lease of a dwelling and land, pursuant to which the plaintiffs agreed to pay certain sums for a term at the end of which defendant would deliver a title deed to the plaintiffs. At the time of the execution of the lease, defendant had not completed construction of the dwelling. In December, 1955 plaintiffs entered into possession of the demised premises. Prior to taking possession, the plaintiff husband complained to the defendant of the uncompleted and defective state of the dwelling, including the defective condition of a large concrete block which abutted the kitchen door and served as a porch. The block was too high to mount without the aid of a step, and there were two or three holes about 10 inches long and 2 or 3 inches deep in its surface in front of the kitchen door. Subsequent to plaintiffs' entry into possession, defendant's servants performed various acts in the dwelling in order to properly complete its construction. The latest of such acts occurred within the two weeks prior to the accident here involved. In March, 1956, about three months following plaintiffs' entry into possession, the plaintiff wife opened the kitchen door and stepped onto the concrete block to see whether her children had boarded the school bus. Her left foot entered one of the depressions in the surface of the concrete block, causing her to fall and to suffer serious injuries. Thereafter, in June, 1956, defendant constructed a step on the side of the block and filled the holes in its surface. Relying upon the provisions of the lease, the defendant contends that, subsequent to plaintiffs' entry, it had no control over the concrete block or over any part of the demised premises and that its acts of completion were performed in the discharge of the contractual duties assumed by it, either under the lease or by reason of separate guarantees affecting the water and electrical systems. Thus, defendant urges: (a) that its acts did not spring from any reserved right of ownership to go upon the leased premises in order to make repairs or to remedy structural defects, and (b) that to hold otherwise would emasculate the holding of *Cullings* v. *Goetz* (256 N. Y. 287; cf. *De Clara* v. *Barber S. S. Lines,* 309 N. Y. 620). Upon the present record, the jury could have found that, regardless of the terms of the lease and the plaintiffs' entry into possession, plaintiffs and defendant understood that defendant still retained control of the premises, particularly of the concrete block, for the purpose of completing the construction of the dwelling. It is noteworthy that in June, 1956, defendant did not merely fill the holes in the surface of the concrete block but, in addition, constructed a step on the side of the block, thus evidencing defendant's control over the concrete block for the purpose of its proper completion (see *Noble* v. *Marx,* 298 N. Y. 106; *Scudero* v. *Campbell,* 288 N. Y. 328). In our opinion, the distinction between an owner's promise to repair a leased dwelling and his promise to complete it subsequent to the lessee's entry into possession is substantial even in terms of the rationale of *Cullings* v. *Goetz* (256 N. Y. 287, 291, *supra*). The court there stated that a covenant to repair at the request of the lessee was "not a reservation by an owner of one of the privileges of ownership. It was the assumption of a burden for the benefit of the occupant with consequences the same as if there had been a promise to repair by a plumber or a carpenter". Quiescent in that rationale is the principle that at common law the lessor had no duty to repair the leased premises (1 Tiffany, Law of Landlord and Tenant, § 87, subd. a; § 97, subd. a; 2 Restatement, Torts, § 355). However, in the

case at bar, the completion of the leased premises sprang from the duty of the defendant to deliver the completed dwelling demised in the lease. While the duty to do so was contractual, the plaintiffs and defendant must be deemed to have agreed, dehors the lease, upon the defendant's reservation of that reasonable exercise of control over the premises necessary for their completion. It would have been unreasonable for the parties to have intended any other arrangement. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.