■ DAVID PETERS, Respondent, v. MEYERBANK ELECTRICAL CO., INC., Appellant-Respondent, and CARISTO CONSTRUCTION CORP., Appellant.— Judgment in favor of plaintiff upon a jury verdict reversed on the law and the facts and a new trial granted as to both appellants, with $50 costs and disbursements

to abide the event. The record is unsatisfactory as to breach of duty by defendants to plaintiff. The mere breach by the defendants of a contractual obligation to the Board of Education to keep the passageways lighted is not alone sufficient to hold the contractors liable to the plaintiff. (*De Clara* v. *Barber S. S. Lines*, 309 N. Y. 620, 629; *Cullings* v. *Goetz*, 256 N. Y. 287.) The court's charge in this respect did not adequately present to the jury the issues they were to decide. Moreover, the plethora of requests to charge by counsel engendered further confusion in the ultimate instructions received by the jury. Upon the new trial the actual participation of either appellant in lighting the passageway where plaintiff was injured, in failing to light it on the night of plaintiff's injury, or in controlling or supervising such passageway prior to the time of the injury will be germane to the question of the responsibility of either of them to the plaintiff. Concur — Botein, P. J., Breitel, McNally, Eager and Witmer, JJ.