THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* TRANSIT DEVELOPMENT COMPANY, Appellant. (Appeal No. 1.)

Second Department, May 25, 1917.

**Labor Law, section 8a, construed — "factory" — emergency repair shop in power house.**

An emergency repair shop maintained by an electric railway company at its power house, where only lighter parts are made and only four or five machinists and their helpers, seven or eight men in all, are employed

is a " factory " within the meaning of section 8a of the Labor Law, pro-
viding for twenty-four consecutive hours of rest in every calendar week.
In construing this section the court should endeavor to ascertain its fair
and reasonable meaning, avoiding a construction which either extends or
limits its meaning beyond that which was evidently intended.

Appeal by the defendant, Transit Development Company, from a judgment of a Court of Special Sessions held by a city magistrate of the city of New York rendered on the 23d day of October, 1916, convicting the defendant of violating section 8a of article 2 of the Labor Law. (See Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 8a, added by Laws of 1913, chap. 740, as amd. by Laws of 1914, chaps. 388, 396, and Laws of 1915, chaps. 321, 357, 648.)

*M. B. Hoffman* [*George D. Yeomans* with him on the brief], for the appellant.

*Harry G. Anderson, Assistant District Attorney* [*Harry E. Lewis, District Attorney*, with him on the brief], for the respondent.

Stapleton, J.:

The Transit Development Company, a subsidiary corporation of the Brooklyn Rapid Transit Company, is engaged, at its Kent avenue power house, in generating and supplying electricity for the operation of the several lines, street and elevated, of that railroad system. In the basement, closed in by " a little curtain wall," there is a machine shop, operated by power, where small parts, such as pistons and valve rods, are made and kept in stock for use when needed, and where old parts are repaired. The shop is used principally for emergency purposes. The machinists there employed assembled parts and adjusted them when machines broke down. They had to do any other work in the power house that they were required to perform. Only the lighter parts are made in the shop, the heavier stuff being sent to the regular maintenance shops, which are remote from the power house, one being in East New York and the other at Bay Ridge.

In the shop were four or five machinists and their helpers — seven or eight men in all. Among them was one Machiels,

a machinist, who, to a factory inspector for the State Industrial Commission, complained that between May 14, 1916, and May 21, 1916, both dates inclusive, he was not allowed twenty-four consecutive hours of rest. An information, signed by the factory inspector, accused the Transit Development Company of having unlawfully violated and omitted " to comply with the provision of section 8-a-3 of article II of an act of the Legislature of this State, entitled 'An Act relating to labor, constituting chapter 31 of the Consolidated Laws,' being chapter 36, Laws of 1909, as amended, in that it as proprietor of the machine shop factory at 502 Kent avenue, borough of Brooklyn, city of New York, did not allow at least twenty-four consecutive hours of rest during the aforementioned period, a calendar week, to one August Machiels of 57 South 10th street, borough of Brooklyn, city of New. York, who was employed in said factory during said period."

In a Court of Special Sessions held by a city magistrate the Transit Development Company was convicted of having violated the statute and was sentenced to pay a fine of twenty dollars. (See Penal Law, § 1275, as amd. by Laws of 1913, chap. 349.) From that judgment it appeals to this court.

The question at issue is whether the appellant was engaged in maintaining a factory within the meaning of the statute. " In construing this statute we should endeavor to ascertain its fair and reasonable meaning, avoiding a construction which either extends or limits its provisions beyond that which was evidently intended." (*Schapp* v. *Bloomer*, 181 N. Y. 125, 128.) The statute (Labor Law, chap. 36, Laws of 1909, constituting Consol. Laws, chap. 31, as amd. by Laws of 1913, chap. 740; Laws of 1914, chap. 396; Laws of 1915, chap. 648) in part reads:

" § 8-a. One day of rest in seven. 1. Every employer of labor engaged in carrying on any factory or mercantile establishment in this State shall allow every person, except those specified in subdivision two, and as otherwise herein provided, employed in such factory or mercantile establishment at least twenty-four consecutive hours of rest in every calendar week."

Machiels was not in one of the excepted classes.

Section 2 of the Labor Law, as amended by chapter 650 of

the Laws of 1915, defining "factory" and "work for a factory," reads:

"The term factory when used in this chapter, shall be construed to include any mill, workshop, or other manufacturing or business establishment and all buildings, sheds, structures or other places used for or in connection therewith, where one or more persons are employed at labor, except dry dock plants engaged in making repairs to ships, and except power houses, generating plants, barns, storage houses, sheds and other structures owned or operated by a public service corporation, other than construction or repair shops, subject to the jurisdiction of the Public Service Commission under the Public Service Commissions Law. Work shall be deemed to be done for a factory within the meaning of this chapter whenever it is done at any place, upon the work of a factory or upon any of the materials entering into the product of the factory, whether under contract or arrangement with any person in charge of or connected with such factory directly or indirectly through the instrumentality of one or more contractors or other third persons."

The appellant argues that the fair and reasonable meaning of the words "construction or repair shops" should be limited to those repair and construction shops where general construction and repair work is carried on, and should not be extended to include purely maintenance work in a generating plant. It further argues that the phrase "other than construction or repair shops" modifies "other structures" and does not refer back to "power houses, generating plants, barns, storage houses, sheds." We are not convinced by either argument.

From the operation of the statute, the Legislature, by definition, specifically exempted power houses and generating plants owned or operated by a public service corporation; but then, with particularity, it excludes repair shops from the benefit of the exemption. No distinction is expressed between a shop in which emergency repairs are made and a shop in which general repairs are made. The workshop in which Machiels was employed is a repair shop. Had it been housed in a building separate and apart from the power house, there would not, we think, be any question that those

employed in it are entitled to twenty-four consecutive hours of rest in every calendar week. Why should the circumstance that it is operated under the same roof make a difference? We cannot reason why.

The judgment of conviction of the Court of Special Sessions should be affirmed.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Judgment of conviction of the Court of Special Sessions affirmed.