MORRIS LIEBERMAN, as Administrator of the Estate of ABRAHAM LIEBERMAN, Deceased, Respondent, *v.* AMOS C. VAN GAASBEEK et al., Appellants.

*Lieberman* v. *Van Gaasbeek,* 172 App. Div. 916, affirmed.

(Argued March 26, 1918; decided April 23, 1918.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered April 4, 1916, *unanimously* affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendants. The intestate met death in a fire which occurred in a building wherein he was working, owned by the defendants Van Gaasbeek and Nash, and leased by the defendant Proctor. Negligence on the part of defendants was predicated on their alleged failure to provide proper and suitable means of exit through doors, stairs, windows and fire escapes from the workroom where intestate was employed.

*John T. Nash* for Amos C. Van Gaasbeek et al., appellants.

*Charles Irving Oliver* for Frederick F. Proctor, appellant.

*Melvin T. Bender* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.

HISCOCK, Ch. J. (dissenting). I disagree with the view being adopted by the majority that the room wherein intestate was burned to death was a " business establishment " within the definition of section 2, article 1 of the Labor Law.

It is desirable in the first place to consider the nature and purposes of the work which was performed in this room. The evidence upon this subject is meager and rather unsatisfactory, but interpreted in the light of what is a matter of general knowledge I think it fairly means this:

The General Film Company, which leased this room, was engaged in the business of leasing films to theatres. After a theatre within a certain territory had used one of these films it was reshipped to the film company by which it was taken to the room in question and there rewound and repacked for the purpose of shipment to some other theatre, and a film which had been used by the latter theatre in a similar manner was packed and reshipped to the former theatre. Therefore, thus far, we simply have a packing room in which films which had already been leased were packed for shipment. One of the witnesses speaks of the room as a " shipping " room. It is true that if in the course of repacking for shipment some slight defect was detected in the film, this was remedied, but I regard this as an operation which was entirely incidental to the main purpose of exchanging and reshipping films upon contracts already made.

It does not seem to me that a room devoted to such purposes as these was a " mill, workshop or other manu-

facturing or business establishment." I do not understand that anybody claims that it was a mill or workshop, but the prevailing idea seemed to be that it was a business establishment wherein there were carried on operations which were akin to those which would be carried on in a workshop and which operations were designed to prepare the films for use and to adapt them to sale or distribution and that such operations so characterized the room that it came within the definition of the statute.

As I have pointed out, I do not think that preparation of the films for use was the primary or substantial purpose for which the room was used. Upon my interpretation of the evidence the films had already been leased and the purpose being served was to accomplish delivery of an article which was in the nature of one already sold. The trivial repairs to the films were merely incidental to this purpose. Therefore, it seems to me that this room did not any more come within the definition of the statute than would a room which was used for packing groceries or candies, which had already been sold, for mere purposes of delivery, and I do not understand my associates to think that such a room would come within the meaning of the statute.

Some reference has been made to other statutes and to authorities in other jurisdictions for the purpose of determining the question before us, but I think that this court has, in the case of *Shannahan* v. *Empire Engineering Corporation* (204 N. Y. 543) given a definition to the words in the statute which ought to be controlling upon us. It was there said that " The term ' business establishment ' as thus ·used means one resembling a mill, workshop or other manufacturing establishment. It is confined to things of the same general character as those named. It does not mean all business establishments where one or more persons are employed at labor, but only those engaged to some extent at least in manufacturing of some kind. Obviously it does not include

a hotel, grocery, store and many other business establishments where one or more persons are employed at labor." (p. 548.)

It is possible that upon the evidence a jury might have been permitted to find that one of the substantial purposes for bringing these films to this room was to repair defects and make the films usable. That question, however, is not before us as it has been held as a matter of law that the room came within the statute.

I think that the judgment should be reversed.

COLLIN, J., concurs.