COURT OF SPECIAL SESSIONS OF THE CITY OF NEW YORK — BOROUGH OF THE BRONX — PART V.

February 23, 1923.

## THE PEOPLE v. NEW YORK CENTRAL COMPANY.

SUNDAY LABOR—LABOR LAW—DEFINITION OF FACTORY—LAWS 1921, CH. 50.

The Labor Law in its definition of factory excludes, and therefore exempts from the requirements as to a day of rest in seven, power houses and other structures used by a public service corporation in operating electric railroads, but excepts from the exemptions repair shops. Held that any part of a power house used at any time in the making of repairs is a repair shop, excepted from the exemption as stated.

Present: Hon. MOSES HERRMAN, Presiding Justice; Hon. DANIEL F. MURPHY and Hon. CLARENCE EDWARDS, Associate Justices.

Appearances:

Jerome Donovan, of New York City, Deputy Attorney General (Floyd H. Wilmot, of New York City, of counsel), for the People.

Alex. S. Lyman, of New York City (Jacob Aronson, of New York City, of counsel), for defendant.

CLARENCE EDWARDS, Justice:

The defendant is charged by the information with violation of the provision of the Labor Law requiring that workmen in factories shall have one day of rest in seven, and that when the day is not Sunday a schedule shall be made, posted and filed showing the substituted arrangement. (Labor Law, Laws of 1921, chap. 50, § 161, paragraph 1 and paragraph 3; Penal Law, § 1275.)

The laborer named was found in the defendant's power-house engaged in repair work on a Sunday, and the schedule above mentioned, as applicable to his case, was not posted or filed.

A small space in the powerhouse was used as location of a lathe and other minor machinery used in making repairs; the laborer made such repairs at this place and wherever need was for his presence in such work in the powerhouse in connection with the equipment there in use in generating and supplying power to move trains, engaged in interstate commerce, into, and out of, the Grand Central Terminal.

The Labor Law, in its definition of *factory*, excludes, and therefore exempts from the above requirement, powerhouses and other structures used by a public service corporation in operating electric railroads, but excepts from the exemption repair shops (Labor Law, § 2, paragraph 9.)  I think we are required by the authority cited below to hold that any part of a powerhouse used at any time in the making of repairs is *pro hac vice* a repair shop, excepted from the exemption as stated.  (People v. Transit Development Company, 178 App. Div. 288.)

The second argument urged by the defense is that recent federal legislation (Act of Feb. 28, 1920, chap. 91, title iii) deals with the same subject, as a branch of interstate commerce, as the provision of the Labor Law in question, and that therefore the latter is superseded and annulled.  It is true that where the Congress legislates, having authority, the power of the State to deal with the same subject ceases, unless concurrent legislative authority is expressly reserved in the State. This principle applies to all attempted State legislation in a field occupied by national legislation, whether the former be on diverging, parallel or identical lines.  But I think it is evident here that the subjects of the two acts of legislation are not at all the same.  The act of Congress is for the benefit of interstate commerce, to insure efficacy in its equipment by using,

among other means, the intervention of the Railroad Labor Board to compose differences between workmen and employers. The State law is a police regulation for the general public welfare, enacted because the Legislature was of the opinion that one day of rest in seven for any man working under the conditions shown would conduce towards his becoming and continuing a well-constituted unit in the body politic. That determination is not subject to question here as to its being within the scope of authority of the State government, its relation to beings and doings in interstate commerce dealt with by the federal law being quite superficial and adventitious. The general police power of a State properly exercised is not affected by legislation of Congress dealing collaterally with persons and objects involved in the State legislation. (See McKelvey v. United States, 258 U. S., 43 Sup. Ct. 132.)

See also opinion of Mr. Chief Justice Taft in United States v. Lanza (decided Dec. 11, 1922), 000 U. S. 000, 43 Sup. Ct. 141, quoting from opinion of Mr. Justice Lamar in Southern Ry. Co. v. R. R. Com., Indiana, 236 U. S. 439, 35 Sup. Ct. 304 (as to apparently concurrent jurisdiction), as follows:

" This concurrent jurisdiction may be either because the nature of the act is such that at the same time it produces effects respectively within the sphere of state and federal regulation and thus violates the laws of both, or where there is this double effect in a matter of which one can exercise control, but an authoritative declaration that the paramount jurisdiction of one shall not exclude that of the other."

I therefore advise that the decision of the court on the issue tried be for the People, finding the defendant guilty as charged.

Defendant convicted of the offense charged. All concur.