SARAH KOSIOR and MAX KOSIOR, Appellants, v. REBECCA POM-RINSE, Respondent.

First Department, December 11, 1936.

*Cecil B. Ruskay* of counsel [*Stephen A. Yeghiaian* and *Joseph A. Ruskay* with him on the brief; *Harry B. Epstein*, attorney], for the appellants.

*H. H. Brown* of counsel [*E. C. Sherwood*, attorney], for the respondent.

PER CURIAM. Defendant's loft building does not come within the meaning of a tenement or multiple dwelling house, hence common-law principles apply as to the liability of the landlord for injury to the tenant. The one-story extension where the accident occurred was in the exclusive possession and control of the injured tenant, Sarah Kosior. Concededly the defect claimed here was in existence when the lease was executed; moreover, the floor or foundation of the extension was not a part of the building intended for the general use of all tenants. In these circumstances defendant was under no duty to make the repair. (*Hirsch* v. *Radt*, 228 N. Y. 100, 104.) Even if there were here a covenant on the part of the landlord to repair the floor " a covenant to repair does not impose upon the lessor a liability in tort at the suit of the lessee." (*Cullings* v. *Goetz*, 256 N. Y. 287, 290.) Plaintiffs' claim that the defect in the flooring was structural in character and that defendant was, therefore, obliged to repair it, would not avail plaintiffs, for the Court of Appeals has held that " the lessor of a building is not liable for injuries to the lessee, or others upon the premises in the right of the lessee, resulting from a structural defect existing when the lessee took possession." (*Campbell* v. *Holding Co., Inc.*, 251 N. Y. 446, 448.)

We accordingly conclude that the court properly directed a verdict in favor of the defendant.

The judgment appealed from should be affirmed, with costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and COHN, JJ.

Judgment unanimously affirmed, with costs.