ETTIE LIEBOWITZ, as Administratrix, etc., of JULIUS LIEBOWITZ, Deceased, Respondent, v. DENISON REALTY CORPORATION, Appellant.

Second Department, March 5, 1937.

*B. G. Barton,* for the appellant.

*William S. Butler* [*Myron Wisoff* with him on the brief], for the respondent.

PER CURIAM. Plaintiff's intestate was killed in an accident while operating a freight elevator in the course of his employment in a building owned by the appellant, of which building the decedent's employer was the sole lessee and occupant.

The evidence warrants the inference that the death was caused by a failure to provide side inclosures on the elevator and make it safe for those using it, as required by Labor Law, section 255, and by administrative rules set up to carry that statute into effect. The appellant owner did not operate a factory in the building. It leased the entire building, with the freight elevator therein, to the decedent's employer. Appellant was, therefore, under no duty to maintain the elevator in a safe condition. (Labor Law, § 316.) The elevator rules of the board of standards and appeals are entirely consistent with the Labor Law and do not impose any liability not fixed or created in that statute. The charge of nuisance was in effect a charge of negligence on the part of the appellant. (*McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340, 344; *Smith* v. *Village of Victor,* 134 Misc. 888, 890.) " The theory of liability in negligence cases is the violation of some legal duty to exercise care." (*Cusick* v. *Adams,* 115 N. Y. 55, 59.) Such duty in this case did not rest upon the appellant-owner. The elevator was used for freight only. The owner leased the entire building to the decedent's employer. Therefore, its liability for negligence because of the condition of the elevator ceased upon the execution of the lease, under the general rule. (*Kilmer* v. *White,* 254 N. Y. 64, 69; *Campbell* v. *Holding Co., Inc.,* 251 id. 446.) The undisputed facts here demonstrate that there is no liability of the appellant-owner, as no exception to the general rule (Id.) is here presented.

The judgment in plaintiff's favor should be reversed on the law and the complaint dismissed, with costs.

LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Judgment for plaintiff reversed on the law, with costs, and the complaint dismissed, with costs.