In the Matter of the Claim of ELWYN KAST, Respondent, against LACONA SAND & GRAVEL Co., Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 28, 1937.

*Gerald A. Grant*, for the appellant.

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

BLISS, J. The State Industrial Board has made an award under the Workmen's Compensation Law against the employer, the Lacona Sand & Gravel Co., to Elwyn Kast, injured employee, for one hundred per cent permanent loss of use of the left arm. This is in addition to a previous award from the same disability and amount heretofore made against the same employer and its insurance carrier. The State Industrial Board has found that on July 30, 1927, the claimant was employed as a laborer and operator of a sand and stone screening machine by the Lacona Sand & Gravel Co., and that the employer was engaged in the washed sand and gravel business. On this date, while cleaning a conveyor belt and applying a substance on the belt to prevent the slipping thereof, claimant's left hand and arm became caught in the moving apparatus, and as the result he sustained the permanent loss of use of this arm. At that time the claimant was seventeen years of age, employed in violation of the Labor Law on a night shift in a factory from seven P. M. to seven A. M., in excess of the hours permitted by this law. Hence the double award.

This double award has been made under authority of section 14-a of the Workmen's Compensation Law, which at the time of the accident provided that compensation under article 2 of the Workmen's Compensation Law should be double the amount otherwise payable if the injured employee at the time of the accident was a minor under eighteen years of age and employed or permitted to work in violation of any provision of the Labor Law. Section 171 of the Labor Law then forbade the employment of a male between sixteen and eighteen years of age in a factory more than nine hours in any day. Under section 2, subdivision 9, of the same law a factory was defined as including a place where one or more persons was employed at manufacturing, including making, altering or cleaning any article in whole or in part.

There is no dispute as to the nature of the employer s business operations and the facts as found by the Industrial Board are amply sustained by the evidence. The appellant contends, however, that it was not operating a factory within the definition contained in the Labor Law. Its operations were described by its superintendent. They consisted of excavating sand and gravel from a deposit by a

shovel into conveyor equipment which carried it to a hopper, whence it was conveyed to a scraping screen. There the oversized material was screened out and run to a crusher where it was then crushed and returned by way of a chute and conveyor belt to the screened material. This material was then washed and graded. The output consisted of washed and graded sand and gravel.

The only question here for review is one of law as to whether the plant of the appellant was a factory within the meaning of subdivision 9 of section 2 of the Labor Law. That it was such a factory clearly appears. The raw material was both altered and cleaned during its progress from the deposit to the final storage bins and the employment of claimant, a boy of seventeen years, upon an all-night twelve-hour shift on and about such heavy machinery in this kind of a plant was a patent violation of the statute. The intention of the statute was to protect minors from such exploitation.

The appellant relies upon a series of cases such as *Shannahan* v. *Empire Engineering Corp.* (204 N. Y. 543); *People ex rel. Tomkins Cove Stone Co.* v. *Saxe* (176 App. Div. 1) and *People* v. *Stevens Co., Inc.* (178 id. 306) to sustain its position. It contends that the case of *People ex rel. Tomkins Cove Stone Co.* v. *Saxe* (*supra*) is on all fours with the instant case. It is unnecessary to discuss these cases for the reason that they were all decided before the present definition of a factory was included in the Labor Law. By chapters 50 and 489 of the Laws of 1921 the definition of a factory was given its present form and materially broadened in scope so that decisions relied upon by the appellant have no value as precedents in the instant case.

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.