THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MIDDLETOWN
& UNIONVILLE RAILROAD COMPANY and Another, Defendants.

City Court of Middletown, December 12, 1938.

*John J. Bennett, Jr., Attorney-General [Harvey D. Strelzin, Assistant
Attorney-General,* of counsel], for the plaintiff.

*Watts, Oakes & Bright [Willard B. Vander Voort* of counsel],
for the defendants.

FAULKNER, J. The defendants were charged by a factory
inspector of the Labor Department of this State with having after
due and proper notice violated subdivision 3 of section 161 of
article 5 of chapter 50 of the Laws of 1921, commonly known as
the Labor Law, in that they, being the proprietors of a factory
located in Middletown, N. Y., wherein railroad equipment repairing
and cleaning are done, permitted an employee, one J. E. Sanborn,
to work therein on a Sunday, wiping and cleaning locomotives
without having posted in a conspicuous place on the premises the
schedule required by statute to be posted and without having filed
a copy thereof as likewise required.

Upon the trial the following facts were established:

(1) For thirteen or fourteen hours a night, except in winter when
the hours were longer, and with no day of rest, the employee San-
born loaded coal on the tender, watered the only locomotive the
railroad had, cleaned the firebox, removed ashes from the front end
of the engine, replenished the fire, and wiped dust off the driving
rods.

(2) Whenever a nut needed tightening, which was only occasionally, Sanborn applied his wrench for that purpose but he was not required to do so as this was one of the engineer's functions.

(3) All major repairs of the locomotive were done monthly at the shops of the Ontario and Western railroad located in this city.

(4) That the ash removal took in all about fifty minutes.

(5) That all the foregoing work usually required less than one and one-half hours except in winter and the rest of this employee's time was spent in watching the locomotive.

(6) The defendants had neither posted nor filed the schedule referred to.

The provisions of the Labor Law applicable to the alleged violations are as follows:

" § 161. One day of rest in seven. 1. Every employer operating a factory, mercantile establishment, hotel, restaurant or freight or passenger elevator in any building or place shall, except as herein otherwise provided, allow every person employed in such establishment or in the care, custody or operation of any such elevator, at least twenty-four consecutive hours of rest in any calendar week. * * *

" 3. Before operating on Sunday, every employer shall conspicuously post on the premises a schedule containing a list of his employees permitted to work on Sunday, and designating a day of rest for each, and shall file a copy of such schedule with the Commissioner. The employer shall also promptly file with the Commissioner a copy of every change in the schedule. No employee shall be permitted to work on his designated day of rest."

" § 2. Definitions. Whenever used in this chapter: * * *

" 9. ' Factory ' includes a mill, workshop or other manufacturing establishment and all buildings, sheds, structures or other places used for or in connection therewith, where one or more persons are employed at manufacturing, including making, altering, repairing, finishing, bottling, canning, cleaning or laundering any article or thing, in whole or in part, except (a) dry dock plants engaged in making repairs to ships, and (b) power houses, generating plants and other structures owned or operated by a public service corporation, other than construction or repair shops, subject to the jurisdiction of the Public Service Commission."

The question for determination, therefore, is whether the defendant railroad is a factory within the meaning of the definition contained in subdivision 9 of section 2 of the Labor Law. If it is not then the defendants are not guilty of the violation charged. This definition of factory has so frequently been amended by the Legislature that it is true, as was stated by the court in *Matter of Kast* v. *Lacona*

*Sand & Gravel Co.* (250 App. Div. 679, 680), that "By chapters 50 and 489 of the Laws of 1921 the definition of a factory was given its present form and materially broadened in scope so that decisions relied upon by the appellant have no value as precedents in the instant case."

To bring acts within this statutory definition they must in their nature be manufacturing ones, and the word "manufacturing" itself is likewise statutorily defined, "including  *  *  *  repairing  *  *  *  cleaning  *  *  *  any article or thing, in whole or in part." Excluded specifically, however, are dry dock plants engaged in making ship repairs and power houses, generating plants and other structures owned and operated by a public service corporation subject to the jurisdiction of the Public Service Commission other than construction or repair shops.

The information in this proceeding alleges that in the factory of the defendant railroad, where railroad equipment is repaired and cleaning done, the employee Sanborn wiped and cleaned a locomotive. The allegation as to equipment repairs was not only not sustained by the People but the contrary was established by the proof which unquestionably showed that all repairs were done by the Ontario and Western Railroad Company except the tightening of nuts which cannot by any stretch of the imagination be called repairing. There are not present in this proceeding the elements of repair which were found in *People* v. *Transit Development Co.* (178 App. Div. 288, 289).

There then is left for determination whether the cleaning of the locomotive brought the defendant railroad within the definition of "factory." The Court of Appeals has laid down a rule of interpretation which is applicable. In *Schapp* v. *Bloomer* (181 N. Y. 125) it was said: "In construing this statute, we should endeavor to ascertain its fair and reasonable meaning, avoiding a construction which either extends or limits its provisions beyond that which was evidently intended."

It will be recalled that the Legislature defined "manufacturing" as including among others "cleaning or laundering any article or thing in whole or part." Observe the connected use of the words "cleaning and laundering." According to common understanding "cleaning" means freeing from dirt and filth and in my opinion it is in that sense that the Legislature used the term. Any process where cleaning and laundering were involved not incidentally but fully, or for the most part, constituted "manufacturing." It was in this sense that the cleaning of sand was held to be manufacturing in *Matter of Kast* v. *Lacona Sand & Gravel Co.* (*supra*).

If this conclusion should be erroneous, it may be pointed out that

the definition of " manufacturing " specifically excepts public service corporations other than with respect to construction and repair shops and neither of them is herein involved.

For these reasons I find that certain appearances to the contrary notwithstanding, the defendant corporation is still a railroad and not a factory. The defendants, therefore, are not guilty as charged and the complaint against them should be dismissed.