Salvatore Cesarino, Appellant, v. Mary Filiberto and Margaret Filiberto, Respondents.

First Department, June 16, 1939.

*Sidney L. Masone*, for the appellant.

*William B. Davis* of counsel [*E. C. Sherwood*, attorney], for the respondents.

O'Malley, J. Plaintiff sues defendants, owners of premises 527 West Twenty-ninth street, New York city, to recover damages for personal injuries claimed to have been sustained by reason of their negligence. His evidence showed that, while he was at work on the premises, a roller iron door fell upon him under circumstances which tended to establish *prima facie* liability upon the person or persons in possession and control of the premises. The complaint was dismissed at the close of plaintiff's case on the ground that at the time of the accident possession and control were in a lessee, Filiberto Bros., Inc., the employer of plaintiff.

This corporation was controlled by Cosmo Filiberto and his brother, the husbands of defendants Margaret Filiberto and Mary Filiberto, under an oral lease from month to month. It was engaged in the rag and paper business. Plaintiff's evidence showed a covenant on the part of defendants to " maintain the building " and to make repairs to all its parts; that throughout the term of

the lease and occupancy by the corporation and for a period of over five years prior to the time of the accident defendants had on the premises an employee named Martin, each day from eight o'clock in the morning until five o'clock in the afternoon; that Martin received a weekly wage from defendants and that his duties were to look after the building generally and to make all necessary repairs; that he repaired doors, stairways, floors, windows, and in addition oiled machinery used in the business of the corporation. He also oiled the door which caused the accident.

In addition, defendants retained a key and had the same right of access to the premises as did the corporation. They had a right to come into the building " whenever they felt like," as one witness testified, and did come there frequently. Defendants also carried liability insurance on the building and the corporation carried compensation insurance.

Under the circumstances we are of opinion that there was presented an issue of fact as to whether the corporation's " possession and dominion were exclusive and complete " so as to relieve defendants of liability notwithstanding their covenant to repair, or whether the rights of defendants were not so enlarged that " occupation and control " were " shared with the lessee." (*Cullings* v. *Goetz*, 256 N. Y. 287, 290.)

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial granted, with costs to the appellant to abide the event.