ANNA HOMIN, as Administratrix of the Estate of CHARLES HOMIN, Deceased, Respondent, *v.* CLEVELAND & WHITE-HILL COMPANY, Appellant.

Argued October 17, 1939; decided November 21, 1939.

*Elbert N. Oakes* for appellant.

*Henry Hirschberg, Daniel Becker* and *David Copans* for respondent.

RIPPEY, J.  Actions were here brought by Charles Homin against the defendant as the owner of a public building located at 54–72 Liberty street in the city of Newburgh, New York, to recover damages for injuries received by him on August 20, 1936, when he fell from a window which he was washing from the outside and by his administratrix for his death as a result of those injuries.  The actions were consolidated and tried together.  At the close of plaintiff's case and again at the close of the whole case defendant moved for a nonsuit and for a dismissal of the complaint and, at the close of the case, for a directed verdict in its favor.  Plaintiff likewise moved for a directed verdict in her favor.  Decision on all those motions was reserved and the case was sent to the jury, over the objection and exception of defendant, solely on the question of damages.  Verdicts in substantial amounts were rendered, after which defendant moved for a new trial under section 549 of the Civil Practice Act and decision on that motion was also reserved.  Later, the trial justice granted defendant's motion to dismiss the complaint.  On appeal, the Appellate Division unanimously reversed on the law, denied the motion to dismiss the complaint and directed entry of judgment upon the verdicts in favor of the plaintiff, with costs.  Defendant has appealed to this court.

There is no allegation in the complaint of negligence which caused the injury to and death of Homin (Cf. *Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287). Liability of defendant is alleged to be based solely (1) upon violation by defendant of section 202 of the Labor Law (Cons. Laws, ch. 31) which, it is alleged, prohibited " the defendant from requiring or permitting any window in its building to be cleaned from the outside unless means were provided to enable such work to be done in a safe manner " and (2) upon violation of its duty imposed by " the provisions of the Labor Law of the State of New York, the

Industrial Code and the Rules of the Industrial Board of the State of New York to provide anchors attached to the side frames of the windows or to the building at a point not less than forty-six (46) inches nor more than fifty-one (51) inches above the window sill, as a means to enable the windows of the said building to be cleaned from the outside in a safe manner." The complaint was subject to the same objections and infirmities as was the complaint in *Teller* v. *Prospect Heights Hospital* (280 N. Y. 456) and must necessarily have been dismissed had a motion been made to its form and sufficiency. No such motion was made nor was that question raised by the defendant at any stage of the trial. Under such circumstances, our review must be confined to the " theory, adopted by the parties and the courts below," and we must " give the plaintiff the benefit of any cause of action established by the evidence " (*Baily* v. *Hornthal*, 154 N. Y. 648, 654). The theory upon which the case was tried by the plaintiff and which was adopted by the courts below was that the defendant, as owner and in charge of the building, was liable as a matter of law for requiring or permitting the window to be cleaned from the outside without means being provided to enable the work to be done in a safe manner or without equipping the building with anchors or providing equipment required by the Labor Law and the Rules of the Industrial Board (Labor Law, § 202, Industrial Code, Bulletin No. 21).

Section 202 of the Labor Law in effect at the time of the accident, so far as material, reads as follows: " The owner, lessee, agent, manager or superintendent in charge of a public building shall not require nor permit any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner." Various means are specified in the Rules of the Industrial Board. Violation of the statute and the Industrial Code or the Rules of the Industrial Board is a penal offense (Penal Law, § 1275). Violation of a statute, without other evidence, constitutes evidence of negligence (*Martin* v. *Herzog*, 228 N. Y. 164; *Rosenberg* v. *Schwartz*, 260 N. Y. 162),

and might constitute negligence *per se* (*Amberg* v. *Kinley*, 214 N. Y. 531; *Schmidt* v. *Merchants Despatch Transportation Co.*, *supra*), and if such violation is the proximate cause of the accident liability is established. But violation of a rule of the Board constitutes some evidence of negligence only (*Teller* v. *Prospect Heights Hospital*, *supra*). There was some evidence that no means whatever were provided to enable the work of cleaning the window from the outside to be done in a safe manner. On the theory on which the case was tried, plaintiff had a right to rely on a statutory violation by a person in charge of the building who permitted or required the window to be cleaned without having provided the means for safety of the cleaner required by the statute and Rules of the Board.

The defendant insisted, as grounds for the nonsuit and for the direction of a verdict in its favor, that the defendant was not in charge of the building and particularly not in charge of the first floor occupied by a tenant where the window washing was done on the day in question, that there was lack of proof that the defendant required or permitted the deceased to wash the window from the outside and lack of proof that the defendant knew that the deceased was there and engaged in washing the windows on the date he received his injuries.

The statute holds the owner liable only in the event that it was in charge of the building and required or permitted the window to be cleaned from the outside without providing safety devices required by the statute and the Rules of the Industrial Board. The evidence established that the building in question was one of four stories in height, all of which had been leased and was in the possession and control of others. The entire floor above the basement, from a window of which Homin is alleged to have fallen, was leased to Licht and Kaplan, Inc., by an instrument dated June 22, 1936, for a term of two years beginning August 1, 1936. By the terms of the lease the tenant agreed " to keep the said premises, and every part thereof, in good repair during the said term." The landlord was required to provide

steam for heating the building and electric current necessary for the operation of the elevator which was used in common by all tenants. The landlord reserved the privilege to enter to examine the premises or to make repairs which it thought to be requisite. The tenant was in exclusive possession of the premises under the lease. Homin was employed by the tenant under an agreement that he would wash all of the windows on its floor on the occasion in question for a definite sum. There was evidence that the principal officer of defendant, who collected the rents and paid the taxes on the building, had a small office space in the building. There was no evidence that the defendant was in charge of the building within the meaning of the statute. Mere reservation by the landlord of the right to inspect the building or to make repairs, if necessary, did not operate to place it in charge of the building or of the particular premises where the accident happened nor impose upon it any obligation to the deceased (*Cullings* v. *Goetz*, 256 N. Y. 287). The decision in *Appel* v. *Muller* (262 N. Y. 278), relied on by the court below, holds nothing to the contrary. There, a part of a building fell on a person passing along on a sidewalk adjoining the building. There was no covenant here on the part of the landlord to make repairs nor was the question of repairs involved in this case. Nor is the case of *Novitz* v. *Maine* (273 N. Y. 573) controlling, since there the defendant was in charge of the building and the plaintiff her employee. There was no evidence in this case that defendant required or permitted the window to be cleaned or that its officers or agents had any knowledge or information that work was to be or was being done. On the contrary, the undisputed evidence was the other way.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.