**SENK v. CITY BANK FARMERS TRUST CO.**

**No. 82.**

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1940.

David R. Lessler, of Bridgeport, Conn. (David R. Lessler, of Bridgeport, Conn., William Cohen, and Milton G. Winston, both of New York City, of counsel), for appellant.

Chauncey L. Grant, of New York City (Walter L. Glenney, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This action was brought by the plaintiff, an employee of one Ancy Gold, a lessee of premises at Tarrytown, New York, to recover damages from the defendant for personal injuries alleged to have been suffered because of the defective condition of the demised premises.

The defendant was one of the trustees of an estate which owned the premises and had leased them to Ancy Gold for a term of years. It was provided in the lease that the tenant should keep the demised premises "in good order and repair". The lease also contained a provision that the landlord might enter the premises "for the inspection or protection of the property, or for making any repairs or decorations" but that the right so reserved did not impose, nor did the lessor assume by reason thereof "any responsibility or liability whatsoever for the care, maintenance or supervision of the demised premises or any of the pipes, fixtures, appliances or appurtenances therein contained or therewith in any manner connected."

The plaintiff was employed as a handyman by the lessee and her husband, who maintained a health resort on the demised premises where women were treated to reduce their weight and rooms and meals were furnished for the patients.

On September 3, 1936, the plaintiff was instructed by Mrs. Gold to go up to the attic (third floor) and to clean a skylight window that was in the roof of the house. Directly below this skylight and level with the floor of the attic was a horizontal glass transom enclosed by wooden partitions which ran up to the roof and formed a rectangular skylight shaft. Some eighteen months after the lease was made, a plumber whom the lessee had employed to do some work, removed two boards in one of the partitions in order to insert a pipe but failed to replace the section of the shaft thus removed. The plaintiff testified that when he was instructed by Mrs. Gold to clean the skylight he asked her how he should do this and she told him to step through the place from which the boards had been removed and to stand on the edge of the transom below. In accordance with these alleged instructions he entered the opening, stepped on the frame of the transom which thereupon opened so that he fell through it to the floor below and suffered the injuries to recover for which he brought this action against the owner of the premises. He testified that he did not know that the window frame was a transom because it was so covered with dirt and cigarette butts that he could not see it. It is not disputed that, when the lessee took possession, the transom and skylight were enclosed by solid partition walls or that a section of the partition was later removed by the plumber who was employed to do work by the tenant.

Subsequent to the accident the plaintiff brought an action against his employers on the ground that they had not procured workmen's compensation insurance and were therefore deprived of the usual defenses. In that action he obtained a verdict for $9,000 upon which a judgment was entered upon which, however, he had only been able to collect $1,300.

Upon the foregoing record Judge Clancy, before whom the case was tried, granted defendant's motion to dismiss the complaint. We hold that his ruling was inevitable and that the judgment for the defendant must accordingly be affirmed.

The plaintiff seeks a reversal of the judgment on the ground (1) that the defendant was liable for the dangerous condition of the demised premises because it had reserved the right to enter to make repairs and because by Article "Twenty-fourth" of the lease it had reserved actual control of "the storage room on the third floor of the main house" for its own use and (2) that the New York Labor Law, Consol.Laws, c. 31, gave a right of action for neglect to provide a safe place for workmen employed in the building.

In respect to plaintiff's first contention, we hold that the defendant was not liable at common law for any defective condition of the demised premises when the defect was due to the act of a plumber employed by the tenant after the lessor had parted with possession. The lease imposed no obligation on the lessor to repair. Indeed its provisions were explicit that no such duty was imposed and the lessee herself covenanted to keep the premises "in good order and repair". It is true that the lessor was given the privilege of entering the premises to make repairs but it was under no duty to exercise the privilege nor had it any control over the premises which empowered it to exclude persons from them. In such circumstances, it is the law of New York that persons entering leased premises in the right of the tenant cannot recover for injuries suffered through the neglect of the latter to keep them in safe condition. Their rights are different from those of passersby. Homin v. Cleveland & Whitehill Co., 281 N.Y. 484, 24 N.E.2d 136; Appel v. Muller, 262 N.Y. 278, 281, 186 N.E. 785, 89 A.L.R. 477; Cullings v. Goetz, 256 N.Y. 287, 176 N.E. 397; Campbell v. Holding Co. Inc., 251 N.Y. 446, 167 N.E. 582; Cavalier v. Pope (1906) A.C. 428, 433; Kosior v. Pomrinse, 249 App.Div. 196, 291 N.Y.S. 830. The recent decision in Cesarino v. Filiberto, 257 App.Div. 240, 12 N.Y.S.2d 912, is not contrary to the foregoing for in that case there was evidence that the lessor shared occupation and control with the tenant.

The right of the lessor to occupy a single room for storage purposes, which was some fifty feet distant from the skylight shaft, does not aid the plaintiff. It gave the defendant no control over the rest of the house or the space where the defective shaft was, nor did it give the latter any right to exclude the plaintiff from the

place where the accident occurred. Kilmer v. White, 254 N.Y. 64, 69, 171 N.E. 908.

 Plaintiff's contention that the New York Labor Law imposed liability upon the owner of the demised premises is equally without foundation. The situation in the case at bar is quite different from one arising under the Multiple Dwelling Law wherein an owner, though he has parted with possession of premises by a lease, is held responsible for their condition. Weiner v. Leroco Realty Corp., 279 N.Y. 127, 17 N.E.2d 796. Under the New York law such a liability is not ordinarily imposed on owners of real estate unless a statute expressly so provides.

The plaintiff here relies upon Section 200 of the Labor Law entitled "General Duty to Protect Health and Safety of Employees" and providing that: "All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein."

In the case at bar when the defendant leased the premises the shaft which the plumber rendered dangerous was completely boxed in so that the place was entirely safe. The lessor is not shown to have had any duty to repair it for the benefit of the tenant or her employees. Section 316 of the Labor Law enumerates the sections of that law which impose obligations upon owners of property and Section 200 is not found among them.

The plaintiff likewise relies on Section 376 of the Labor Law providing that: "Every part of a building in which a mercantile establishment or restaurant is located and of the premises thereof and the plumbing therein shall at all times be kept in safe and sanitary condition and in proper repair."

The premises here were used as a health resort and did not contain a mercantile establishment or a restaurant within the meaning of Section 376. Nor were they a hotel. They were not open to the public but were a sanitarium in which patients paid a fixed price to cover rooms, meals in the dining-room and treatment. But in any event Section 376 cannot apply to the cause of action asserted by the plaintiff because Section 316 does not include it among those sections imposing liability upon owners of premises who have parted with possession.

A lessor in the position of the defendant clearly was not liable for plaintiff's injuries under the Labor Law. Liebowitz v. Denison Realty Corp., 250 App.Div. 204, 293 N.Y.S. 867. See also Homin v. Cleveland & Whitehill Co., 281 N.Y. 484, 24 N.E.2d 136.

Judgment affirmed.