MORRIS DELL'OLIO, Respondent, v. VICTORIA MASTRONARDI et al., Appellants.— In an action to recover damages for personal injuries sustained when a rope sling broke, precipitating bundles contained therein on plaintiff, defendants appeal. Judgment reversed on the law and a new trial granted, with costs to abide the event. The trial court found as a fact that defendants had leased the entire building to one Andrew Mastronardi, and submitted to the jury the question of whether it was a tenant-factory building as defined in subdivision 2 of section 315 and subdivision 9 of section 2 of the Labor Law. If the building were a tenant-factory building, the defendants would be liable for a violation of section 255 of that statute. (*Hente* v. *Shercoop Corp.,* 289 N. Y. 140.) That question, however, is one of law and not of fact. (*O'Connor* v. *Webber,* 163 App. Div. 175; *Hoffman* v. *Fraad,* 130 Misc. 667, affd. 224 App. Div. 717, appeal dismissed 249 N. Y. 537; cf. *Lieberman* v. *Van Gaasbeek,* 223 N. Y. 640; *Irwin* v. *Simon,* 232 N. Y. 613.) We are of the opinion that on this record the building, used by different tenants in their business of assorting and baling waste materials such as paper, rags and twine, which they collected from various factories, was not a tenant-factory building within the purview of the Labor Law. Furthermore, it was error to submit to the jury the question whether the premises were a factory building or a mercantile establishment. If defendants did not operate and control the building — and such was the theory upon which the case was submitted to the jury — they would not be responsible for a violation of section 255 of the Labor Law. (*Liebowitz* v. *Denison Realty Corp.,* 250 App. Div. 204, affd. 277 N. Y. 670; *Senk* v. *City Bank Farmers Trust Co.,* 108 F. 2d 630.) The questions of plaintiff's contributory negligence, and whether the rope sling was included within the scope of the provisions of section 255, were properly submitted to the jury. The existence of the alleged oral lease from defendants to Andrew Mastronardi was a question of fact for determination by the jury. (*Preston* v. *Hawley,* 139 N. Y. 296; *Gulish* v. *Johnston,* 206 App. Div. 625.) Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

HERMAN FELS, Respondent, v. CONTINENTAL CONTAINER CORPORATION, Appellant.— Action to recover a broker's commission, agreed to be paid by the defendant to the plaintiff for procuring a leasehold of certain real property. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.