RED HOOK COLD STORAGE CO., INC., et al., Respondents, *v.* DEPARTMENT OF LABOR OF THE STATE OF NEW YORK et al., Appellants.

Second Department, May 31, 1944.

*Nathaniel L. Goldstein, Attorney-General (Irving Galt* and *Orrin G. Judd*), for appellants.

*Benson R. Frost* and *Richard F. Russell* for respondents.

HAGARTY, J. The plaintiffs, each owning a cold storage warehouse within this State, store apples and pears for farmers. As an incident, they sort apples according to size and weight by means of a grading machine. These apples are replaced in the containers in which they are received, the covers of which are then tacked down. Employees remove defective apples during these operations. Some choice apples are individually wrapped in tissue paper and placed in cartons. The only other machinery consists of elevators and refrigeration devices.

Defendant the Department of Labor served plaintiffs with orders requiring substantial alterations and construction of various safeguards for workers, on the assumption that they were devoting their buildings to manufacturing purposes. Defendant Board of Standards and Appeals, by a majority of

its members, confirmed the orders. This action, commenced pursuant to section 111 of the Labor Law for the purpose of having that determination judicially reviewed, resulted in the judgment from which the appeal is taken. The sole issue is whether cold storage warehouses, operated and conducted as described, are factories within the meaning of subdivision 9, section 2 of the Labor Law. We are concerned with the statutory definition of the term "factory" rather than with its ordinary significance. (Cf. *North Whittier Heights C. Assn.* v. *National L. R. Board,* 109 F. 2d 76, cert. den. 310 U. S. 632, rehearing denied, 311 U. S. 724.)

The statute defines a factory as a place where persons are employed at manufacturing, including making, altering, repairing, finishing, bottling, canning, cleaning or laundering any article or thing, in whole or in part. The term "manufacturing" connotes a fashioning of raw material by means of labor and machinery into a product suitable for use in a different form. (*Tide Water Oil Company* v. *United States,* 171 U. S. 210; *Shannahan* v. *Empire Engineering Corp.,* 204 N. Y. 543, 548.) The eight categories included within the statutory definition do not expand the term to include the business conducted by the plaintiffs. The fruit handled by them is not changed in any manner; on the contrary, it is maintained in the condition in which it is received. The operations do not include the crushing, washing or screening of material (cf. *Matter of Kast* v. *Lacona Sand & Gravel Co.,* 250 App. Div. 679, leave to appeal denied 276 N. Y. 689), and are no more within the purview of the statute than is the storage of ice (*The People* v. *Knickerbocker Ice Co.,* 99 N. Y. 181, 183), the processing of film negatives and prints (*People* v. *Cross & Brown Co.,* 232 App. Div. 587) or the baling of waste material. (*Dell'Olio* v. *Mastronardi,* 267 App. Div. 829.)

The judgment should be affirmed, with costs.

CLOSE, P. J., JOHNSTON and LEWIS, JJ., concur; CARSWELL, J., not voting.

Judgment unanimously affirmed, with costs.