OPINION OF THE COURT
 

 Rosenblatt, J.
 

 This appeal deals with statutory and regulatory responsibilities concerning factory elevator safety under article 11 of the Labor Law. Plaintiff, an employee at a furniture factory in the Bronx, was seriously injured when he fell down a factory elevator shaft that he claims was maintained in violation of applicable safety requirements. The issue before us is whether the defendant-building owner is statutorily liable for plaintiffs injuries even though it did not operate the factory. We hold that it is not.
 

 In 1986, third-party defendant K&B Furniture Warehouse entered into a sale and lease-back agreement with defendant, the New York City Industrial Development Agency (NYCIDA), in connection with the subject building. Under this arrangement, K&B received financing by tendering title of the building to NYCIDA and then leasing it back from NYCIDA. It is undisputed that NYCIDA had no involvement in or responsibility for the operation, maintenance or control of the building.
 

 In his action against NYCIDA, plaintiff alleged that, as “owner” of the building, NYCIDA was liable for failing to comply with various elevator safety regulations promulgated by the Board of Standards and Appeals pursuant to Labor Law
 
 *4
 
 § 255.
 
 [1]
 
 NYCIDA moved for dismissal, arguing that responsibility for observance of elevator safety regulations falls solely to the operator of the factory and that a nonoperating owner is not statutorily liable. Supreme Court granted NYCIDA’s motion to dismiss and the Appellate Division affirmed. Having granted leave, we affirm as well.
 

 Three provisions — two Labor Law statutes and one regulation — are at issue. The statutes, Labor Law §§ 255 and 316 (1), address what must be done in connection with factory elevator safety and who is accountable. Section 255 requires that elevators be so “maintained and operated as to be safe for all persons.” Section 316 (1) provides that “[e]xcept as in this article otherwise provided,” liability for the nonobservance of factory safety provisions (including section 255) rests solely on “the person operating [the] factory.”
 

 The regulation, promulgated by the Board of Standards and Appeals pursuant to section 255, provides that “the owner shall be * * * punishable for the nonobservance” of various elevator safety regulations here at issue (12 NYCRR 8-1.12 [a] [1]). The Board defines “owner” as the
 

 “owner or owners of the freehold of the
 
 premises, or the lessee or joint lessees of the whole thereof, or his, her or their agent in charge of the property”
 

 (12 NYCRR 8-1.1 [d] [emphasis added]).
 

 The parties disagree as to whether 12 NYCRR 8-1.12 (a) (1), which imposes liability on owners, is inconsistent with Labor Law § 316 (1), which imposes liability on operators. Plaintiff argues that fixing responsibility on a nonoperating “owner” pursuant to the regulation is compatible with section 316 (1) by virtue of that section’s conditional language — “[e]xcept as in this article otherwise provided.” In response, NYCIDA asserts that the
 
 statutory
 
 obligation under section 316 (1) extends only to factory
 
 operators
 
 and no other article 11 section provides otherwise. NYCIDA contends that by holding a nonoperating owner responsible for elevator safety violations under 12 NYCRR 8-1.12 (a) (1), an agency regulation would contradict the clear language of section 316 (1), the controlling statute. We agree with NYCIDA.
 

 It is a fundamental principle of administrative law that an agency cannot promulgate rules or regulations that contravene
 
 *5
 
 the will of the Legislature
 
 (see, Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,
 
 45 NY2d 471, 480;
 
 see also, Matter of Beer Garden v New York State Liq. Auth.,
 
 79 NY2d 266, 276-277;
 
 State Div. of Human Rights v Genesee Hosp.,
 
 50 NY2d 113, 118). If an agency regulation is “out of harmony” with an applicable statute, the statute must prevail
 
 (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., supra,
 
 at 480-481).
 

 By expanding liability administratively, 12 NYCRR 8-1.12 (a) (1) conflicts with Labor Law § 316 (1). This Court previously has recognized that the Legislature, by enacting section 316 (1), intended to confine article 11 responsibility for elevator safety to factory
 
 operators.
 
 Over 60 years ago, in a case remarkably similar to the case now before
 
 us
 
 — Liebowitz
 
 v Denison Realty Corp.
 
 (250 App Div 204,
 
 affd 211
 
 NY 670) — plaintiff, a factory employee, met with a fatal mishap while using the factory’s elevator. The owner had leased the entire factory building to plaintiffs employer, the company operating the factory. Plaintiffs estate sued the owner, alleging violations of applicable Board elevator safety regulations. The statutory and regulatory schemes governing factory elevator safety then in place were virtually as they are now.
 
 [2]
 

 Plaintiffs side prevailed at Supreme Court but the Appellate Division reversed, holding that the nonoperating owner was “under no duty to maintain the elevator in a safe condition (Labor Law, § 316)”
 
 (Liebowitz v Denison Realty Corp., supra,
 
 250 App Div 204, 205 [2d Dept 1937]). This Court affirmed, without opinion (277 NY 670;
 
 see also, Sbuttoni v 108-114 Park Place Corp.,
 
 23 NY2d 796 [affirming lower court’s dismissal of statutory claim against a nonoperating owner for elevator safety violations];
 
 Carlson v Costan Corp.,
 
 9 NY2d 705 [same];
 
 Dell'Olio v Mastronardi,
 
 267 App Div 829 [“If defendants did not operate and control the building * * * they would not be responsible for a violation of section 255 of the Labor Law.”]).
 

 The regulation upon which plaintiff relies is therefore invalid insofar as it conflicts with Labor Law § 316 (1) by imposing liability on nonoperating owners. Our conclusion is fortified by comparing sections 316 (1) and 316 (2). In enacting section
 
 *6
 
 316 (2), the Legislature provided that nonoperating “owners” are ultimately responsible for complying with article 11 only if their buildings are “tenant-factory buildings.”
 
 [3]
 
 Because a tenant-factory building — in contrast to the building in this case — is shared by multiple occupants, it is apparent that the Legislature went out of its way to impose liability on the owner to assure uniformity in compliance and accountability. Were we to conclude otherwise, section 316’s distinction between tenant-factory owners and other factory owners (as NYCIDA, here) would be rendered meaningless.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Plaintiff also sued defendants the City of New York and the New York City Department of Buildings (collectively, the City). Because plaintiff has abandoned its claims against the City, we confine our discussion to defendant NYCIDA.
 

 [2]
 

 . Labor Law §§ 255 and 316 (1) have not changed since
 
 Liebowitz
 
 was decided (McKinney’s Cons Laws of NY, Book 30, Labor Law [1930]). The Board regulations then in place provided that factory elevators “shall at all times be maintained by the
 
 owner
 
 in a safe condition and in conformity with the requirements of these rules” (Elevator Rules of Board of Standards and Appeals, rule 1 [revised May 13, 1919]).
 

 [3]
 

 . The statute defines a “tenant-factory building” as “a building, separate parts of which are occupied and used by different persons and one or more of which parts is used as a factory” (Labor Law § 315 [2]). Plaintiff concedes that the subject building is not a tenant-factory building.