■ In the Matter of Ismael Saladeen, Appellant, v Chauncy G. Parker, as Commissioner of the New York State Division of Criminal Justice Services, Respondent. [791 NYS2d 663]—

Spain, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered March 31, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to expunge his DNA records.

Petitioner was convicted of armed robbery and attempted murder in the second degree in 1983. In 2002, petitioner was convicted of murder in the second degree after it was discovered that his DNA—a sample of which had been taken by respondent in 2000 pursuant to Executive Law article 49-B—matched a DNA sample discovered at the scene of an unsolved 1982 homicide. Thereafter, petitioner requested that respondent expunge his DNA records, alleging that his DNA sample had been taken in violation of the rules and regulations governing the procedures for notifying designated offenders of the requirement to provide respondent with DNA samples for inclusion in the statewide DNA identification index. After respondent denied his request, petitioner commenced this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition, prompting this appeal.

At the time that respondent took a sample of petitioner's DNA, the regulations governing the notification procedures referred to designated offenders as "persons who [had] been convicted on or after January 1, 1996" (9 NYCRR former 6191.2). According to petitioner, that language negated respondent's statutory authority to take his DNA sample. We disagree. When petitioner's DNA sample was taken in April 2000, petitioner qualified as a designated offender within the meaning of Executive Law § 995 (7), as amended (*see* L 2000, ch 8), by virtue of his 1983 conviction of attempted murder in the second degree. Any delay by respondent in amending the regulations regarding notification to reflect the statutory amendment is of no consequence inasmuch as the statute prevails when there is a conflict between statutory and regulatory language (*see Weiss v City of New York*, 95 NY2d 1, 5 [2000]; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471, 480-481 [1978]). Moreover, the record establishes that respon-

dent complied with the regulations by providing petitioner with written notice that he was required to give a DNA sample (*see* 9 NYCRR 6191.3 [a]). In any event, petitioner is not entitled to have his DNA records expunged insofar as the 1983 conviction which triggered his designated offender status has not been reversed, vacated or pardoned (*see* Executive Law § 995-c [9] [a]; 9 NYCRR 6193.4). Accordingly, the petition was properly dismissed.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.