OPINION OF THE COURT
Rachel L. Kretser, J.
Defendant Chalmers D. Davis was charged on May 17, 2008 with one count of obstructing governmental administration in the second degree, a class A misdemeanor, in violation of Penal Law § 195.05. By notice of motion dated September 18, 2008 defendant moves, through his attorney Colin J. Kenneally, Esq., for omnibus relief. The People have filed an affirmation in opposition dated October 9, 2008. Based upon the papers submitted in support of and in opposition to the relief requested, as well as upon a review of the file maintained in this case, the court makes the following determination:
Motion to Dismiss — CPL 170.30, 170.35, 100.40, 100.15
Defendant challenges the facial sufficiency of the misdemeanor information under which he is being prosecuted. That instrument alleges, in its factual portion:
“ON THE ABOVE DATE TIME AND LOCATION THE ABOVE DEFENDANT DID INTENTIONALLY OBSTRUCT AND IMPAIR THE ADMINISTRATION OF LAW A PUBLIC SERVANT (POLICE OFFICER) [sic] BY REFUSING TO SUBMIT TO A NEW YORK STATE MANDATED D.N.A. SAMPLE COLLECTION. DEFENDANT IS A VIOLENT FELONY OFFENDER AND IS REQUIRED TO SUBMIT A D.N.A. SAMPLE FOR INCLUCSION [sic] IN THE D.N.A. DATABANK.”
An information, to be facially sufficient, must contain in its factual portion nonhearsay allegations which would tend to establish every element of the offense charged (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987]). In the present case, the single offense charged is obstructing governmental administration in the second degree. The essential elements of this offense are intent; obstruction or impairment of the administration of law; and intimidation, physical force or an independently unlawful act (People v Boston, 3 Misc 3d 1107[A], *955 2004 NY Slip Op 50484[U], *6 n 8 [Crim Ct, Kings County 2004]; People v Stumpp, 129 Misc 2d 703, 704 [Suffolk Dist Ct 1985]).
Here the accusatory instrument alleges that defendant is a violent felony offender and that, as such, he is required to submit a DNA sample. The crime alleged consists of defendant’s refusal to submit such a sample. Stated differently, the information alleges that defendant, a violent felony offender, intentionally obstructed or impaired the administration of law by his independently unlawful act of refusing to submit a DNA sample. Lacking from the information, however, are any factual allegations to support the claim that defendant’s refusal to submit the sample was an “independently unlawful act.”
In 1994 the Legislature enacted Executive Law § 995 (L 1994, ch 737, § 1 [eff Aug. 2, 1994]). This comprehensive statutory provision laid the groundwork for the establishment of a central DNA database. As originally enacted, the statute defined a group of “designated offenders” from whom DNA samples would be required (Executive Law § 995 [7]). Most, but not all, of the crimes that would result in the inclusion in this group were violent felony offenses.[1] Submission of a blood sample for the purpose of DNA testing was made mandatory for all designated offenders (Executive Law § 995-c [3]).
A separate provision of this same statute directs the promulgation of regulations for the furnishing of notice to designated offenders of their obligation to provide a blood sample (Executive Law § 995-c [4]). Pursuant to this authority, 9 NYCRR was amended on November 21, 1995 to include section 6191.3, which provides, in pertinent part, “(b) Any designated offender sentenced to a term of probation shall be notified by the local probation department of his or her obligation to provide a DNA sample . . . .”
A review of defendant’s criminal history report shows that on March 31, 1997 he was sentenced to a term of probation upon his conviction by plea of guilty to one count of assault in the second degree, a class D felony offense, under Penal Law § 120.05 (2). At the time of defendant’s conviction (and continuing to the present) assault offenses included under Penal Law § 120.05 were “designated” offenses under Executive Law § 995 *956 (7). The date of this felony conviction is also well subsequent to the date on which 9 NYCRR 6191.3 was promulgated. Thus, not only was defendant a “designated offender” as of the date of his conviction, he was also subject to notice by the Division of Probation of the requirement that he submit a DNA sample.[2]
If defendant had, in fact, been given written notice of his requirement to submit a DNA sample, this would render any refusal to comply an independently unlawful act (cf. Matter of Saladeen v Parker, 16 AD3d 737, 738-739 [3d Dept 2005]). What is lacking in the accusatory instrument, however, is any allegation that such notice had ever been properly provided to defendant or that he had ever refused to comply upon service of such notice. It is the absence of this specific factual information that renders the information facially insufficient.
The Executive Law defines those offenders who must provide a DNA sample for the central database. The NYCRR provides a regulatory mechanism by which those offenders are to be notified of this obligation. If, though given proper notice, a “designated offender” refuses to submit a DNA sample, he or she might well face prosecution for obstructing governmental administration in the second degree. A sufficient accusatory instrument alleging such an offense, however, must recite in its factual portion, in addition to the facts surrounding the refusal, (1) the designated offense of which the defendant was previously convicted; (2) the date of that conviction; (3) that the defendant was given written notice pursuant to 9 NYCRR 6191.3 of the obligation to provide a DNA sample; and (4) that the defendant had not previously provided a DNA sample pursuant to his conviction for the designated offense. Only upon such a showing can the requirement of alleging the essential element of an “independently unlawful act” under Penal Law § 195.05 be satisfied.
Accordingly, it is ordered that the misdemeanor information is dismissed. In light of this determination, defendant’s remaining applications are denied as moot.

. In the decade and a half since the enaction of this law, the definition of “designated offender” has been expanded to include a considerable number of additional offenses. As will be seen infra, these subsequent amendments are not relevant to the present case.

. The legislative record of Executive Law § 995 clearly disproves the People’s contention that assault in the second degree under Penal Law § 120.05 was not a “designated offense” as of the date of defendant’s conviction.